## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### Civil Action No. 1:21-cv-00090-MR-WCM

| | | |
|---|---|---|
| **INDUSTRIAL SERVICES GROUP, INC.,** | ) | |
| **d/b/a UNIVERSAL BLASTCO,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | **DEFENDANTS'** |
| | ) | **MEMORANDUM OF LAW** |
| **JOSH DOBSON,** *in his official capacity* | ) | **IN SUPPORT OF MOTIONS** |
| *as North Carolina Commissioner of Labor,* | ) | **TO DISMISS AND** |
| **and** | ) | **FOR JUDGMENT ON THE** |
| **KEVIN BEAUREGARD,** *in his official* | ) | **PLEADINGS** |
| *capacity as Director of the Occupational* | ) | |
| *Safety and Health Division of the* | ) | |
| *North Carolina Department of Labor*, | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS
## AND MOTION FOR JUDGMENT ON THE PLEADINGS
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES ............................................................ iii

AUTHORITY OF THE COMMISSIONER OF LABOR ...................................... 1

STATEMENT OF THE CASE and STATEMENT OF THE FACTS .................... 3

STANDARD OF REVIEW ..................................................................................... 3

DEFENDANTS' FIRST MOTION TO DISMISS .................................................. 4

DEFENDANTS' SECOND MOTION TO DISMISS ............................................ 7

DEFENDANTS' THIRD MOTION TO DISMISS ...............................................10

DEFENDANTS' FOURTH MOTION DISMISS .................................................13

DEFENDANTS' FIFTH MOTION TO DISMISS ................................................16

DEFENDANTS' SIXTH MOTION TO DISMISS ...............................................17

DEFENDANT'S SEVENTH MOTION TO DISMISS ........................................19

MOTION FOR JUDGMENT ON THE PLEADINGS .........................................21

CERTIFICATE OF SERVICE..............................................................................24

CERTIFICATE OF COMPLIANCE WITH RULE 7.1 .......................................25

# TABLE OF CASES AND AUTHORITIES

## Cases

*Alston v. North Carolina Agric. & Technological State Univ.*,
   304 F. Supp. 2d 774 (M.D.N.C. 2004) ................................................ 3

*Amoco Production Co. v. Gambell*,
   480 U.S. 531, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987) .................................16

*Barnes v. International Amateur Athletic Fed'n*,
   862 F. Supp. 1537, 1993 U.S. Dist. LEXIS 20329 ...........................................14

*Bd. of Tr. of the Univ. of Ala. v. Garrett*,
   531 U.S. 356 (2001) ................................................................ 4

*Biggs v. Meadows*,
   66 F.3d 56 (4th Cir. 1995) ......................................................... 3

*Bin Xu*,
   2009 U.S. Dist. LEXIS 130257, 2009 WL 7216040 ......................................... 6

*Blue Ridge Pub. Safety, Inc. v. Ashe*,
   2009 U.S. Dist. LEXIS 142512, at 65–66 (W.D.N.C. Sep. 30, 2009) .............. 12

*Brown v. Rector & Visitors of Univ. of Va.*,
   2008 U.S. Dist. LEXIS 36427, 2008 WL 1943956 ........................................ 6

*Carey v. Piphus*,
   435 U.S. 247 (1978) ...............................................................11

*Cent. Green Co. v. United States*,
   531 U.S. 425, 121 S. Ct. 1005, 148 L. Ed. 2d 919, 2001 U.S. LEXIS 1699 ..21,22

*Clark v. Harrah's NC Casino Co., LLC*,
   2018 U.S. Dist. LEXIS 167963 ....................................................18

*Constantine v. Visitors and Rectors of George Mason Univ.*,
   411 F.3d 474 (4th Cir. 2005) ...................................................... 3

*Edelman v. Jordan*,
   *415 U.S. 651 (1974)*...............................................................4, 5

*Ex parte Young*,
   209 U.S. 123 (1908) ............................................................... 6

*Fields v. Durham*,
   909 F.2d 94 (4th Cir. 1990) .......................................................12

*Ford Motor Co. v. Department of Treasury of Indiana*,
   323 U.S. 459 (1945) ............................................................... 5

*Ford Motor Co. v. United States*,
   571 U.S. 28, 134 S. Ct. 510, 187 L. Ed. 2d 470, (2013) ....................................22

*Heydon v. Media One of Southeast Mich., Inc.*,
   327 F.3d 466 (6th Cir. 2003) ...................................................... 5

iii

*Huang v. N.C. State Univ.,*
  107 N.C.App. 710, 421 S.E.2d 812 (1992) ......................................................13
*Hudson v. Palmer*,
  468 U.S. 517 (1984) ............................................................................8, 10, 12
*Jackson v. North Carolina Dep't of Human Resources Div. of Mental Health,*
  *Developmental Disabilities, & Substance Abus*e *Servs.*,
  131 N.C. App., 505 S.E.2d (1998) ................................................................15
*Johnson v. Kirkland*,
  290 F.2d 440 (5th Cir. 1961) ........................................................................19
*Kane v. N.C. Teachers' & State Emples. Comprehensive Maj. Med. Plan*,
  229 N.C. App. 386, 747 S.E.2d 420, (N.C. App. 2013) ...................................15
*Kendall v. Balcerzak*,
  650 F.3d 515 (4th Cir. 2011) ...........................................................................7
*Kirby v. N.C. State Univ.*,
  2015 U.S. Dist. LEXIS 30140 (E.D.N.C) .........................................................4

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) .....................................................................................11
*McGee v. United States*,
  402 U.S. 479, 91 S. Ct. 1565, 29 L. Ed. 2d 47, 1971 U.S. LEXIS 45 ...............13
*Mora v. City of Gaithersburg,*
  *519 F.3d 216 (4th Cir. 2008)* ................................................................8, 10, 12
*Munaf v. Geren*,
  553 U.S. 674, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) ....................................16
*Owens-Illinois, Inc. v. Meade*,
  186 F.3d 435 (4th Cir. 1999) ........................................................................17
*Parratt v. Taylor*,
  451 U.S. 527 (1981) .....................................................................................11
*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).......................................4, 5
*Porter v. Investors Syndicate*,
  286 U.S. 461, 52 S. Ct. 617, 76 L. Ed. 1226, (1932).........................................15
*Progressive Securities, Inc. v. Young,*
  267 F.Supp. 20 (1967) ............................................................................18, 19
*Railroad Comm'n of Tex. v. Pullman Co.*,
  312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941)............................................17
*Rockville Cars, LLC v. City of Rockville*,
  891 F.3d 141 (4th Cir. 2018) ........................................................................12
*Shirvinski v. U.S. Coast Guard*,
  673 F.3d 308 (4th Cir. 2012) ..........................................................................7

iv

*Steinert v. Winn Grp., Inc.*,
    440 F.3d 1214 (10th Cir. 2006) ...........................................................23

*Stroud v. Benson*,
    254 F.2d 448 (4th Cir. 1958) ...............................................................19

*Thomas S. v. Morrow*,
    781 F.2d 367, 1986 U.S. App. LEXIS 21712 (4th Cir.) ..................... 6

*Tri-County Paving, Inc. v. Ashe Cty.*,
    281 F.3d 430 (4th Cir. 2002) ...............................................................12

*United States v. Gaylor*,
    828 F.2d 253 (4th Cir. 1987) ...............................................................13

*United States v. Ruzicka*,
    329 U.S. 287, 67 S. Ct. 207, 91 L. Ed. 290, (1946)..........................22

*United States v. Salerno*,
    481 U.S. 739 (1987) .............................................................................11

*United States v. South Carolina*,
    445 F. Supp. 1094 (D.S.C. 1977)......................................................... 5

*Verizon Md. Inc. v. PSC*,
    535 U.S. 635 (2002) ............................................................................. 6

*Weinberger v. Romero-Barcelo*,
    456 U.S. 305, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)..............16, 17

*Wilkins v. Whitaker*,
    714 F.2d 4 (4th Cir. 1983) ...................................................................12

*Will v. Michigan Dep't of State Police*,
    491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ..................... 6

*Winter v. NRDC, Inc.*,
    555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249, (2008) ...............16, 17

*Zinermon v. Burch*,
    *494 U.S. 113 (1990)*...............................................................8, 10, 11

## Statutes

28 U.S.C. § 1331...................................................................................... 7
28 U.S.C. § 2201...................................................................................... 5
28 U.S.C. § 2671......................................................................................22
29 U.S.C. § 655 ......................................................................................20
29 U.S.C § 657 (8)(h) .............................................................................20
29 U.S.C. § 667 ................................................................................20, 21
29 U.S.C. § 667(c) ..................................................................................19
29 U.S.C. § 667(c)(2)...............................................................................20
29 U.S.C. § 667(e) .................................................................................. 20
29 U.S.C. § 667(18(f)) ............................................................................ 20

v

42 U.S.C. §1983 ...................................................................7, 10
42 U.S.C. §1988 ........................................................................24
GPRAMA §1115(b)(2) and §1115 (b)(4)(C)................................ 10
N.C.A.C. Title 13 Chapter 7 ....................................................8, 9
N.C.G.S. § Article 16................................................................... 8
N.C.G.S. § 95-4 ........................................................................... 2
N.C.G.S. § 95-3 ........................................................................... 2
North Carolina Constitution, Article III, § 7 ............................. 1
United States Constitution, Article III ....................................... 4

# Rules

Fed. R. Civ. P. Rule 12(b)(1) ...................................................... 3
Fed. R. Civ. P. Rule 12(b)(6) ...................................................... 3
Fed. R. Civ. P. Rule 12(b)(7) .................................................... 17
Fed. R. Civ. P. Rule 12(c) ......................................................... 22
Fed. R. Civ. P. Rule 19(a) .........................................................19
Fed. R. Civ. P. Rule 19(b).........................................................19
NC OSH Review Commission Rule .0514 .................................. 9

# Regulations

29 CFR 1954.20..........................................................................14
29 CFR 1954.21..........................................................................14
29 CFR 1955.5 ...........................................................................15

# Other Authorities

4 Admin. L. & Prac. § 12:21 (3d ed.).......................................13
Strong's North Carolina Index 4th NCINDEX ADMINLAW § 70 ......................13
State Plan Policies and Procedures Manual ........................... 15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### Civil Action No. 1:21-cv-00090-MR-WCM

| | | |
|---|---|---|
| **INDUSTRIAL SERVICES GROUP, INC.,** **d/b/a UNIVERSAL BLASTCO,** | ) ) ) | |
| **PLAINTIFF,** | ) ) | |
| v. | ) ) | **DEFENDANTS' MEMORANDUM OF LAW** |
| **JOSH DOBSON,** *in his official capacity as North Carolina Commissioner of Labor,* and **KEVIN BEAUREGARD,** *in his official capacity as Director of the Occupational Safety and Health Division of the North Carolina Department of Labor,* | ) ) ) ) ) ) ) ) | **IN SUPPORT OF MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS** |
| **DEFENDANTS.** | ) ) | |

**NOW COME** the Defendants, Josh Dobson and Kevin Beauregard, in their respective official capacities, by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rule 7.1(c), and hereby submit this Memorandum of Law in support of their Motions:

## AUTHORITY OF THE COMMISSIONER OF LABOR

Pursuant to Chapter 95, Article 1, of the North Carolina General Statutes, the North Carolina Commissioner of Labor is a duly-elected Constitutional[1] officer empowered:

---

[1] North Carolina Constitution, Article III, § 7.

1

(4) To secure the enforcement of all laws relating to the inspection of factories, mercantile establishments, mills, workshops, public eating places, and commercial institutions in the State. To aid him in the work, he shall have power to appoint factory inspectors and other assistants. The duties of such inspectors and other assistants shall be prescribed by the Commissioner of Labor.

(5) To visit and inspect, personally or through his assistants and factory inspectors, at reasonable hours, as often as practicable, the factories, mercantile establishments, mills, workshops, public eating places, and commercial institutions in the State, where goods, wares, or merchandise are manufactured, purchased, or sold, at wholesale or retail.

(6) To enforce the provisions of this section and to prosecute all violations of laws relating to the inspection of factories, mercantile establishments, mills, workshops, public eating houses, and commercial institutions in this State before any court of competent jurisdiction. It shall be the duty of the district attorney of the proper district upon the request of the Commissioner of Labor, or any of his assistants or deputies, to prosecute any violation of a law, which it is made the duty of the said Commissioner of Labor to enforce.

N.C.G.S. § 95-4. Josh Dobson was elected to serve in November of 2020, and took the oath of office on January 2, 2021.

Article 16 describes the Commissioner's authority with regard to the Occupational Safety and Health Act of North Carolina (OSHANC). Pursuant to N.C.G.S. § 95-3, the Commissioner establishes, "A Division of Occupational Safety and Health. Each division shall be in the charge of a chief administrative officer." The current chief administrative officer for the Occupational Safety and Health Division is Kevin Beauregard. Mr. Beauregard has held this position since August 1, 2016.

2

## STATEMENT OF THE CASE and STATEMENT OF THE FACTS

For a recitation of the procedural history and facts of the case, please see the ANSWER filed contemporaneously herewith.[2]

## STANDARD OF REVIEW
### Eleventh Amendment Immunity Standard and Federal Rules of Civil Procedure 12(b)(1)(2) and (6)

Motions to dismiss based upon Eleventh Amendment immunity have been reviewed pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6). The United States Court of Appeals for the Fourth Circuit has explained that "Eleventh Amendment immunity has attributes of both subject-matter and personal jurisdiction." *Constantine v. Visitors and Rectors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). That court has also applied a Rule 12(b)(6) standard to evaluation of Eleventh Amendment assertions. *Biggs v. Meadows*, 66 F.3d 56, 58-59 (4th Cir. 1995) (addressing dismissal on Eleventh Amendment grounds as dismissal for failure to state claim).

The Fourth Circuit Court of Appeals has not definitely decided whether a motion to dismiss on grounds of the Eleventh Amendment raises questions of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6). *Alston v. North Carolina Agric. & Technological State Univ.*, 304 F. Supp.

---

[2] Any Exhibits reference herein are to those provided with the Answer.

2d 774, 777 (M.D.N.C. 2004). Defendants present their Eleventh Amendment defense under all three Rules.

## DEFENDANTS' FIRST MOTION TO DISMISS
### The Eleventh Amendment to the United States Constitution and the Doctrine of Sovereign Immunity Bar Plaintiff's Claims

Through sovereign immunity principles emanating from the Eleventh Amendment to the United States Constitution, and relevant caselaw, the Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Cf. Bd. of Tr. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). *Kirby v. N.C. State Univ.*, 2015 U.S. Dist. LEXIS 30140 (E.D.N.C) provides, in pertinent part: The Eleventh Amendment limits the authority of the federal courts to hear claims against the states. In doing so, it recognizes that the doctrine of sovereign immunity limited the judicial authority granted in Article III of the United States Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). In the case at bar, Plaintiff has made no allegation that Defendants have consented to be sued in the manner sought or that sovereign immunity has been abrogated by waiver. NCDOL has not consented to suit. Plaintiff has not pointed to an unequivocal waiver of NCDOL's sovereign immunity.

While Plaintiff captions its suit as against two named individuals in their official capacities, it is in fact a suit against the State, specifically, against the North

4

Carolina Department of Labor. The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945).

Moreover, the Eleventh Amendment applies to Plaintiff's claim brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101-102, 104 S. Ct. at 908-909, 79 L. Ed. 2d at 79 (1984). The immunity described is not mere immunity from judgment but rather immunity from suit (Id.) "The Declaratory Judgment Act . . . does not explicitly authorize suits against states and therefore cannot be used to circumvent the Eleventh Amendment." *United States v. South Carolina,* 445 F. Supp. 1094, 1099 (D.S.C. 1977) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)); see also *Heydon v. Media One of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). ("[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction.") NCDOL has not waived its Eleventh Amendment immunity, nor does the Federal Declaratory Judgment Act provide Plaintiff jurisdiction for its claim against NCDOL and therefore Plaintiff's claims must be dismissed.

> The claims against state instrumentalities specifically held to be covered by sovereign immunity under the Eleventh Amendment include claims pursuant to § 1983 and § 1985, … and injunctive and

5

declaratory relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (§ 1983 claims); *Bin Xu*, 2009 U.S. Dist. LEXIS 130257, 2009 WL 7216040, at *3 (dismissing claims by *pro se* Ph.D. student for Fourteenth Amendment equal protection and Fifth Amendment due process violations pursuant to § 1983, conspiracy to violate civil rights pursuant to § 1985, interference with civil rights under N.C. law, and violation of N.C. constitutional rights); *Brown v. Rector & Visitors of Univ. of Va.*, 2008 U.S. Dist. LEXIS 36427, 2008 WL 1943956, at *2 (dismissing claims by Ph.D. student for federal due process violations, breach of contract, declaratory judgment, injunctive relief, compensatory damages, and attorney's fees).

(as cited in *Kirby,* supra).

Plaintiff purports to advance an exception under *Ex parte Young*, 209 U.S. 123 (1908). While *Young* creates a narrow exception, it is not applicable here. See *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002). The *Young* exception is directed at "officers of the State, [who] are clothed with some duty in regard to the enforcement of the laws of the State, and **who threaten and are about to commence proceedings . . . against parties affected [by] an unconstitutional act**…" *Ex parte Young*, 209 U.S. at 155-56 (**emphasis added**). Here, there is no threat of the commencement of proceedings. It is Plaintiff that has sought administrative review of the citations it received. Further, there is no unconstitutional act; NCDOL has properly issued citations to Plaintiff following a deadly workplace accident, in compliance with OSHA State Plan requirements, and state law, as further outlined infra. Accord *Thomas S. v. Morrow*, 781 F.2d 367, 1986 U.S. App. LEXIS 21712

(4th Cir.), which agreed that *Pennhurst* precludes a federal court from directing a state official to perform the duties imposed on him by state law.

## DEFENDANTS' SECOND MOTION TO DISMISS
**Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted**

Plaintiff has alleged federal question jurisdiction under 28 U.S.C. § 1331, which states: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. However, while ISG alleges that Federal OSHA laws cover the North Carolina Department of Labor, its simultaneous acknowledgment of North Carolina's status as a "State Plan" state countermands such argument. (See also Seventh Motion, *infra*, on preemption.)

Plaintiff also alleges violation of Constitutional rights pursuant to 42 U.S.C. § 1983[3] as a basis for suit in federal court. To establish a procedural due process claim, plaintiffs must demonstrate: "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012) (quoting *Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011)).

---

[3] (3)To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

7

Assuming, *arguendo*, that the right to conduct business and earn a profit, and the right to choose one's field of employment (P's Compl. p. 20, ¶¶ 52-3) are protected property interests, and that the assessment of administrative remedies impacted these rights, Plaintiff was never deprived of the same because any deprivation was not complete unless and until all postdeprivation procedures were exhausted. At this time, Plaintiff's contestation of the citations related to the fatal fire remains in litigation. See *Zinermon v. Burch,* 494 U.S. 113, 125–26 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Nothing about Plaintiff's journey through the process the State afforded ran afoul of the Constitution. See *Mora v. City of Gaithersburg,* 519 F.3d 216, 230 (4th Cir. 2008).

Plaintiff had ample notice and an opportunity and forum in which to challenge the citations, as set forth in N.C.G.S. Chapter 95, Article 16, and related administrative rules in Title 13, Chapter 7 of the North Carolina Administrative Code. Plaintiff also had ample opportunity to challenge any alleged deficiencies with administration of the Plan (CASPA) (Def. Answer P. 5, ¶¶. 15-16).

Plaintiff's argument that the state is required to comply with the referenced standard in § 657 is wholly irrelevant to whether it was properly cited for violations of state safety laws. With regard to the three citations issued and the thirteen items therein, North Carolina law has provided a means of seeking substantive review of those citations. The company has not alleged and cannot show that the state law mechanism provided fails to meet procedural due process requirements. (N.C.G.S.

8

Chapter 95, Article 16, and Title 13, Chapter 7 of the North Carolina Administrative Code.)

It appears that Plaintiff is arguing that because compliance officers are evaluated based on goals for the number and type of citations issued, they have an impure motive for issuing citations-- which somehow taints the citations issued to Plaintiff and every other employer who is inspected. If in fact the compliance officers are issuing meritless citations in order to meet their goals, then this can be addressed through the administrative review process. During the contestment proceedings, the hearing examiner will determine whether NCDOL has met its burden of proof[4] that the three fatality-related citations issued, with penalties totaling $112,000.00, were justified. Similarly, if there are flaws in the way that NCDOL is conducting its inspections, federal OSHA, through its review process, will identify those problems and address them.

The federal OSHA grant program, which partially funds the State Plan, requires the North Carolina Department of Labor to assess progress toward performance goals. *(See Exhibit 6, State Plan Policies and Procedures Manual)*. This follows the release in 2011 of an audit by the Inspector General *(Exhibit 7)*. The Government Performance and Results Modernization Act (GPRAMA) of 2010

---

[4] NC OSH Review Commission Rule .0514 provides: (a) In all proceedings commenced by the filing of a notice of contest, the burden of proof shall rest with the Commissioner to prove each element of the contested citation by the greater weight of the evidence. The burden of proof as to all affirmative defenses shall be upon the Respondent to prove each element of the affirmative defense by the greater weight of the evidence.

9

requires federal agencies to establish Strategic Plans which include agency activities and outcome measures. Through its State Plan Policies and Procedures Manual, federal OSHA directed State Plans receiving federal funds to have strategic plans that include the activity and outcome measures required by the GPRAMA. Sections §1115(b)(2) and §1115 (b)(4)(C) of the Act require goals to be quantifiable and program activities that contribute to performance must be identified and included. *See Exhibit 10, GPRAMA, and State Plan Policies and Procedures Manual Ex. 6 at Chapter 5, p. 47.* Even if Plaintiff could show that the State's employee performance review process is flawed and must be corrected, it cannot show that it has been prejudiced by this error.

ISG received its notice of the procedures for contesting the citation (P. Compl. Ex. 9) and will have its hearing if it maintains its contestment. ISG had notice of CASPA via multiple sources, supra. Plaintiff received, by any measure, all the process it was due in its proceedings. See *Zinermon*, 494 U.S. at 126; *Hudson*, 468 U.S. at 533; *Mora*, 519 F.3d at 230. ISG's 42 U.S.C. § 1983 Due Process claim should, therefore, be dismissed.

## DEFENDANTS' THIRD MOTION TO DISMISS
### Plaintiff has failed to state a claim under 42 U.S.C. § 1983

The Due Process Clause of the Fourteenth Amendment protects against two types of government action—those that infringe on "substantive due process," or government conduct that "shocks the conscience," and "procedural due process,"

10

which guarantees that government action depriving a person of life, liberty, or property provides adequate procedural safeguards. <u>See</u> *United States v. Salerno*, 481 U.S. 739, 746 (1987). In a Procedural Due Process claim, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. at 125–26 (1990) (<u>citing</u> *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Carey v. Piphus*, 435 U.S. 247, 259 (1978)).

Procedural Due Process claims are "not complete unless and until the State fails to provide due process." *Zinermon*, 494 U.S. at 126. Therefore, in order "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." <u>Id</u>. When determining what procedural protections are required for a particular governmental deprivation, the Court must weigh three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." <u>Id</u>. at 127 (<u>quoting</u> *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Procedural Due Process simply guarantees "fair procedures—typically notice and an opportunity to be heard." *Mora v. City of Gaithersburg*, 519 F.3d at 230 (4th Cir. 2008) (citations omitted). In order to analyze "the adequacy of process a state affords," the Court usually must "consult the entire panoply of predeprivation and postdeprivation process provided by the state." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 149 (4th Cir. 2018) (quoting Tri-*County Paving, Inc. v. Ashe Cty.*, 281 F.3d 430, 436 (4th Cir. 2002)); see also *Fields v. Durham*, 909 F.2d 94, 97 (4th Cir. 1990). The Supreme Court has held that no violation of procedural due process occurs where there are adequate postdeprivation remedies available, explaining:

> [A]n unauthorized . . . deprivation of property by [the state] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by [the state], the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. at 533 (1984); see also *Wilkins v. Whitaker*, 714 F.2d 4, 6–7 (4th Cir. 1983) (holding prisoner's failure to pursue state law conversion claim for destroyed property precluded his federal due process claim); *Blue Ridge Pub. Safety, Inc. v. Ashe*, 2009 U.S. Dist. LEXIS 142512, at 65–66 (W.D.N.C. Sep. 30, 2009) (dismissing procedural due process claim where the plaintiff could have asserted state law economic tort claims).

12

Plaintiff has shown no demonstrable due process violations. It has alleged no lack of notice and no deficiencies or inadequacies in the statutorily-provided remedies. Rather, Plaintiff is attempting to the use the purported challenge at bar to delay adjudication of its OSH citations and to escape liability therefore. In this case, the action filed in not only frivolous, but it is an attempt to subvert the legal authority of both USDOL and the NC OSH Review Commission.

## DEFENDANTS' FOURTH MOTION DISMISS
### Plaintiff has Failed to Exhaust Exclusive Administrative Remedies

Courts generally expect a party challenging agency action in court first to exhaust available administrative remedies, such as intra-agency appeal. Exhaustion doctrine "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."

> **4 Admin. L. & Prac. § 12:21 (3d ed.)** The Failure to Exhaust argument most often arises in the context of inmate litigation See *United States v. Gaylor*, 828 F.2d 253 (4th Cir. 1987). It may also be statutory, as through our state's Administrative Procedures Act (N.C.G.S. § 150B) *Huang v. N.C. State Univ.,* 107 N.C.App. 710, 713, 421 S.E.2d 812, 814 (1992). *See also* Strong's North Carolina Index 4th NCINDEX ADMINLAW § 70.

For discussion of administrative remedies generally, *see McGee v. United States*, 402 U.S. 479, 91 S. Ct. 1565, 29 L. Ed. 2d 47, 1971 U.S. LEXIS 45. ". . .the doctrine when properly invoked operates to restrict judicial scrutiny of administrative action having to do with the classification of a [Selective Service] registrant, in the case of a registrant who has failed to pursue normal administrative remedies and thus has

13

sidestepped a corrective process which might have cured or rendered moot the very defect later complained of in court." Se Barnes v. International Amateur Athletic Fed'n, 862 F. Supp. 1537, 1993 U.S. Dist. LEXIS 20329 for discussion of congressional intent.

Plaintiff has administrative remedies to challenge the citations issued to it related to the deadly September 2020 fire and to challenge the procedure used to evaluate compliance officer performance. Plaintiff has initiated the administrative review process provided by state statute for review of the citations issued but has not yet completed that process.[5] The proper first step for any complaint regarding a state OSH program is to file a "Complaint About State Program Administration (CASPA)" pursuant to 29 CFR 1954.20 and 29 CFR 1954.21. Under CASPA, the process for initiating a complaint is to contact "the Assistant Regional Director for Occupational Safety and Health or his representative in the Region where the State is located." *See Exhibit 4 to Answer, CASPA information.*

The CASPA process is referenced on NC Department of Labor's workplace posters, educational materials, and website:

https://www.labor.nc.gov/media/898/open , as well as on the federal OSHA website https://www.osha.gov/stateplans/faqs.[6]

---

[5] *See Exhibit 3 to Answer, Letter of Contest and Exhibit 11 to Answer, Notice of Docketing.*
[6] *See Exhibit 5 to Answer, North Carolina Department of Labor state posters, and Chapter 9 of Exhibit 6, State Plan Policies and Procedures Manual.*

14

Further, the State Plan Policies and Procedures Manual, available online through OSHA, indicates at p. 85:

> **Petitions for withdrawal of Approval for Approved State Plans.** Any interested person, after the initial approval of a State Plan, may petition the Assistant Secretary in writing to initiate proceedings for withdrawal of approval of a State Plan under §18(f) of the OSH Act and 29 CFR 1955.5.

Plaintiff has not filed a CASPA with the Assistant Regional Director and has not alleged that either the state or federal remedies are inadequate or futile. Whether the claim asserted is constitutional or arises from contract, "[t]he burden of showing inadequacy is on the party claiming inadequacy, *who must include such allegations in the complaint." Jackson v. North Carolina Dep't of Human Resources Div. of Mental Health, Developmental Disabilities, & Substance Abuse Servs.*, 131 N.C. App. at 186, 505 S.E.2d at 904 (1998) (*emphasis added*) (discussing claims for injunctive and monetary relief and for a declaratory judgment arising from constitutional claims);

*Kane v. N.C. Teachers' & State Emples. Comprehensive Maj. Med. Plan*, 229 N.C. App. 386, 747 S.E.2d 420, (N.C. App. 2013). Accord *Porter v. Investors Syndicate*, 286 U.S. 461, 52 S. Ct. 617, 76 L. Ed. 1226, (1932).

Accordingly, Plaintiff's claims must be dismissed for its failure to attempt or exhaust available and adequate remedies or to plead the insufficiency or futility thereof.

15

## DEFENDANTS' FIFTH MOTION TO DISMISS
### Preliminary Injunction is Barred as a Remedy Herein

A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91, (1982) as cited in *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249, (2008). In *Winter*, a preliminary injunction imposing restrictions on the Navy's use of sonar was vacated on writ of certiorari. The Supreme Court held that the Navy's interest in effective, realistic training of its sailors outweighed the public interest in protection of environmental and wildlife resources. Here, a preliminary injunction stopping the work of the state's OSH Division would negatively impact worker safety – which is the stated purpose of both the federal and state Occupational Safety and Health Acts.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See *Munaf v. Geren*, 553 U.S. 674, 689-690, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. at 311-312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982), as cited in *Winter*, supra. The

Plaintiff cannot prove a prima facie case, nor does his complaint even allege the required components.

In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction. *Weinberger v. Romero-Barcelo*, 456 U.S., at 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91; see also *Railroad Comm'n of Tex. v. Pullman Co*., 312 U.S. 496, 500, 61 S. Ct. 643, 85 L. Ed. 971 (1941). *Winter,* supra. In this case, enjoining NC OSH from "engaging in enforcement activities against ISG," as Plaintiff urges, would allow this corporation to escape responsibility for conduct that caused the deaths of two employees.

## DEFENDANTS' SIXTH MOTION TO DISMISS
### Failure to Join a Necessary Party Rule 12(b)(7)

Plaintiff argues that federal law preempts state law in this instance, yet does not include any federal entities or actors as parties. Rule 12(b)(7) motions involve a two-step inquiry. Under the first step, the court must determine whether a party is necessary under Rule 19(a) because of its relationship to the matter under consideration. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). If the absent party is necessary, it must be ordered into the action so long as the joinder does not destroy the court's jurisdiction. *Id.* Pursuant to the second step, when a party cannot be joined because it would destroy the court's jurisdiction, the court must decide whether the action can continue without the party, or whether the party is

17

indispensable under Rule 19(b) and the action must be dismissed. *Id. Clark v. Harrah's NC Casino Co.*, LLC, 2018 U.S. Dist. LEXIS 167963.

> In *Progressive Securities, Inc. v. Young*, 267 F.Supp. 20 (1967), plaintiffs sought to enjoin certain actions by United States Securities and Exchange Commission officials. The District Court held that members of the SEC who had power to either stop or start investigations were indispensable parties. Similarly, in the case at bar, Plaintiff seeks to enjoin the specific conduct of two state government officials, but has failed to bring in those (federal) government officials who have the power to "stop or start" the State Plan.

The United States Department of Labor (USDOL) administers OSHA, and has approved North Carolina's "State Plan." Since Plaintiff alleges that the named officials have administered the State Plan in violation of federal standards, USDOL would have to be a party to the case in order to determine whether such allegation is true and initiate the procedure to withdraw approval of North Carolina's State Plan if appropriate.

Because USDOL administers the program for receiving and investigating complaints about State Plans (CASPA, supra), this complaint must be dismissed pursuant to F.R.C.P. Rule 19. The court cannot provide complete relief among existing parties for the counts alleged by Plaintiff, and any judgment rendered in the federal agency's absence would be inadequate.

The movant must prove that the missing party is both necessary under Rule 19(a) and indispensable under Rule 19(b).

> [w]here a complainant seeks judgment or decree against the conduct of subordinate government officials, the granting of which would require

18

a superior government officer to take action, the superior government officer is an indispensable party to the cause. Therefore, inasmuch as the individual members of the Commission alone have the power to either stop or start the investigation plaintiffs here seek to enjoin, they are indispensable parties to this action. *Stroud v. Benson*, 254 F.2d 448 (4th Cir. 1958) cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59; *Johnson v. Kirkland*, 290 F.2d 440 (5th Cir. 1961), cert. denied 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88.

*Progressive Securities Inc. v. Young*, 267 F.Supp. 20 (S.D.W.Va.1967).

Similarly, should this court determine that Misters Dobson and Beauregard were administering the State Plan in violation of federal OSHA requirements, it is USDOL which is charged with responsibility for addressing those violations.

## DEFENDANT'S SEVENTH MOTION TO DISMISS
### Failure to State a Claim 12(b)(6), Preemption

The Occupational Safety and Health Act of 1970 directs the (federal) secretary to approve a state plan, or any modification thereof, if the plan meets eight enumerated criteria. 29 U.S.C. § 667(c). The second criterion mandates approval if the plan provides for the development and enforcement of safety and health standards which are at least as effective in providing safe and healthful employment and places of employment as the standards promulgated under 29 U.S.C. § 655.

In its complaint, Plaintiff alleges that 29 U.S.C § 657 (Section 8(h)) applies to the North Carolina Department of Labor and/or the State Plan. However, there is nothing that requires a State Plan to comply with Section 8(h). In fact, 29 U.S.C. § 667(e) provides that the (Federal) Secretary of Labor may only enforce the provisions of § 657 until the state itself is approved to administer its plan. After

19

approving a state plan, "the provisions of […657] shall not apply with respect to any occupational safety or health issues covered under the plan…"  In sum, State plans are governed by 29 U.S.C. § 667 which does not incorporate 657(h) and contains no comparable requirement.  There is no requirement in the federal statutes, standards or guidance documents that prohibits states with approved State Plans from using the results of enforcement activities, such as the number of citations issued or penalties assessed, to evaluate employees directly involved in enforcement activities or to impose quotas or goals with regard to the results of such activities.  Plaintiff's attempt to graft an additional requirement on the states which was not mandated by Congress, is contrary to the plain language of the statute and is contrary to the activity and outcome measures required by the GPRAMA.  It is nothing more than a poorly-veiled attempt to obstruct the adjudication of the citations it was issued and divert attention from its failure to comply with known safety and health requirements in its performance of work at the Evergreen facility.

Plaintiff is attempting to usurp the authority granted to USDOL by Congress to determine whether North Carolina is in compliance with requirements in § 667 and the authority of the North Carolina Safety and Health Review Commission to determine the appropriateness of the citations issued.  Only Federal OSH has the authority to approve (or disapprove) a state plan.

29 U.S.C. § 667 (18(f)) provides:

20

(f) The Secretary shall, on the basis of reports submitted by the State agency and his own inspections make a continuing evaluation of the manner in which each State having a plan approved under this section is carrying out such plan. Whenever the Secretary finds, after affording due notice and opportunity for a hearing, that in the administration of the State plan there is a failure to comply substantially with any provision of the State plan (or any assurance contained therein), he shall notify the State agency of his withdrawal of approval of such plan and upon receipt of such notice such plan shall cease to be in effect, but the State may retain jurisdiction in any case commenced before the withdrawal of the plan in order to enforce standards under the plan whenever the issues involved do not relate to the reasons for the withdrawal of the plan.

Even when approval of the plan is withdrawn, the state retains jurisdiction in any case commenced before withdrawal of the plan. USDOL has taken no action to initiate withdrawal of North Carolina's State Plan. Even if it did, North Carolina would retain jurisdiction over the enforcement of the citations issued to Plaintiff which are the subject of this Complaint.

Plaintiff has failed to state a claim against the Defendants under preemption or any other theory it has espoused. For this reason, the Complaint should be dismissed with prejudice.

## <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Rule 12(c) provides a remedy where there are no material issues of fact to be resolved and the party is entitled to judgment as a matter of law.

In *Central Green Co.*, Plaintiff sought damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, as well as injunctive relief. Although the judgment was ultimately reversed and remanded because the appellate court relied upon an

21

incorrect standard for determining whether immunity attached, the United States Supreme Court held that where immunity attaches, a government entity may prevail on a motion for judgment on the pleadings and have the complaint against it dismissed. *Cent. Green Co. v. United States*, 531 U.S. 425, 121 S. Ct. 1005, 148 L. Ed. 2d 919, 2001 U.S. LEXIS 1699. See also *Ford Motor Co. v. United States*, 571 U.S. 28, 134 S. Ct. 510, 187 L. Ed. 2d 470, (2013), which similarly discussed the propriety of granting Judgment on the Pleadings when the government has immunity.

The Supreme Court has likewise upheld judgment on the pleadings when a party has failed to avail itself of administrative remedies. "The District Court ruled that the defendants having failed to avail themselves of the administrative remedy provided by said Act, may not raise such issues of fact before this court." "On the issue in the suit thus limited, the District Court granted the Government's motion for judgment on the pleadings." *United States v. Ruzicka*, 329 U.S. 287, 67 S. Ct. 207, 91 L. Ed. 290, (1946).

To the extent that the Answer filed by Defendants further clarifies the bases for Defendants' motions to dismiss, Defendants respectfully request that the Court issue Judgment on the Pleadings.

**WHEREFORE**, for the reasons stated herein, Defendants respectfully move this court to:

1. DISMISS Plaintiff's purported claims with prejudice;

22

2. Determine that this Complaint, as filed, was vexatious, frivolous and brought to harass and embarrass the defendants (See *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006);

3. Award Defendant's costs incurred in this litigation, including attorney's fees pursuant to 42 U.S.C. §1988; and

4. Grant any other relief deemed necessary and proper.

This the 4th day of June, 2021.

Respectfully Submitted,
JOSHUA H. STEIN
ATTORNEY GENERAL

*|S| Victoria L. Voight*
Victoria L. Voight
Special Deputy Attorney General
vvoight@ncdoj.gov
NCBar #9332

*|S| Stacey A. Phipps*
Stacey A. Phipps
Assistant Attorney General
sphipps@ncdoj.gov
NCBar #27600

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Telephone No. (919) 716-6697
Fax No. (919) 716-6709
*Attorneys for Defendants*

23

\* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **DEFENDANTS'**

**MEMORANDUM OF LAW IN SUPPORT OF MOTIONS** with the Clerk of

Court using the CM/ECF system which will send electronic notification of such

filing to counsel of record and served the same upon counsel for Plaintiff by

depositing it in the United States mail, first-class postage prepaid, and addressed to:

> Travis W. Vance
> David I. Klass
> Benjamin S. Morrell
> Fisher & Phillips LLP
> 227 West Trade Street, Suite 2020
> Charlotte, NC  28202
> tvance@fisherphillips.com
> dklass@fisherphillips.com
> bmorrell@fisherphillips.com

This the 4th day of June, 2021.

> *|S| Stacey A. Phipps*
> Stacey A. Phipps
> Assistant Attorney General

24

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1

It is hereby certified that **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS** is in compliance with Local Rule 7.1 of the Local Civil Rules for the United States District Court for the Western District of North Carolina in that the body of the brief, including headings, footnotes, citations, and quotations, contains 23 pages of argument (exclusive of Table of Contents and other administrative pages), as indicated by Word, the program used to prepare the brief.

This the 4th day of June, 2021.

/S/ Stacey A. Phipps
Stacey A. Phipps
Assistant Attorney General