IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00090-MR-WCM

| | | |
|---|---|---|
| INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER |
| JOSH DOBSON, *in his official capacity as North Carolina Commissioner of Labor*, and KEVIN BEAUREGARD, *in his official Capacity as Director of the Occupational Safety and Health Division of the North Carolina Department of Labor*, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendants' Motion Seeking Clarification for Pre-Discovery Disclosure (the "Motion for Clarification," Doc. 31).

I. Relevant Background

On March 29, 2022, the District Court accepted certain recommendations by the undersigned, denied Defendants' Motions to Dismiss and for Judgment on the Pleadings, and directed the parties to conduct an Initial Attorneys' Conference. Doc. 23.

1

On April 18, 2022, the parties filed a joint report of that conference and a proposed discovery plan (the "Rule 26(f) Report," Doc. 24). An Initial Pretrial Conference was scheduled for April 28, 2022.

On April 28, 2022, and prior to the Initial Pretrial Conference, Defendants filed a Notice of Appeal with regard to the District Court's ruling. Doc. 25. They also filed a "Motion to Stay Proceedings and Discovery Pending Resolution of Interlocutory Appeal" (the "Motion to Stay," Doc. 26).

At the time scheduled for the Initial Pretrial Conference, the undersigned conducted a status conference with counsel. During that conference, Plaintiff's counsel indicated that Plaintiff opposes the Motion to Stay. Consequently, the undersigned deferred conducting an Initial Pretrial Conference and entering an Initial Pretrial Order and Case Management Plan pending resolution of the Motion to Stay.

The Motion to Stay remains active and pending; Plaintiff's response is due to be filed on or before May 12, 2022.

II. Discussion

Through the Motion for Clarification, Defendants ask the court to clarify whether the deferral of the Initial Pretrial Conference and the entry of a Pretrial Order also defers the exchange of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. Doc. 31 at 1-2.

The Motion for Clarification indicates that Plaintiff does not consent to the Motion. However, as the Motion for Clarification simply seeks clarification of the undersigned's previous order, and to provide the parties with timely direction, the undersigned concludes that the Motion for Clarification may be ruled upon prior to the court receiving a response from Plaintiff.

Generally, Rule 26(a)(1)(C) provides that initial disclosures should be made at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Relatedly, Rule 26(f)(3)(A) requires that a proposed discovery plan state "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made."

Consequently, in this district, parties include, in their Rule 26(f) report, a proposed deadline by which they will exchange the information required by Rule 26(a)(1). That deadline (or a modified one, as the court may determine) is then routinely incorporated into the pretrial order. In this case, the parties indicated in their Rule 26(f) Report that their initial disclosures would be exchanged by May 6, 2022. Doc. 24 at 1.

Further, the Local Rules state that though parties may engage in consensual discovery at any time, "Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered,

with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2)." LCvR 16.1(f).

Consistent with these rules and practices, all court-enforceable discovery, including the obligation for the parties to exchange initial disclosures, is deferred pending resolution of the Motion to Stay, provided however that the parties may use early Rule 34 requests or conduct voluntary discovery if they choose.

Accordingly, the Motion Seeking Clarification for Pre-Discovery Disclosure (Doc. 31) is **GRANTED**, and the undersigned's oral order of April 28, 2022 is clarified and amended as set forth herein.

It is so ordered.

Signed: May 3, 2022

W. Carleton Metcalf
United States Magistrate Judge