IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00090-MR-WCM

| | |
|---|---|
| INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, <br><br> Plaintiff, <br><br> v. <br><br> JOSH DOBSON, *in his official capacity as North Carolina Commissioner of Labor*, and KEVIN BEAUREGARD, *in his official Capacity as Director of the Occupational Safety and Health Division of the North Carolina Department of Labor*, <br><br> Defendants. | ORDER |

This matter is before the court on Defendants' Motion to Stay Proceedings and Discovery Pending Resolution of Interlocutory Appeal (the "Motion to Stay," Doc. 26) and Plaintiff's Motion to Compel (Doc. 36).

### I. Relevant Background

On March 31, 2021, Plaintiff Industrial Services, d/b/a Universal Blastco ("Plaintiff") filed its Complaint against Josh Dobson, who is the North Carolina Commissioner of Labor, and Kevin Beauregard, who is the Director of the Occupational Safety and Health Division of the North Carolina Department of Labor (collectively, "Defendants"). Doc 1, at ¶¶ 8, 9.

1

On June 4, 2021, Defendants filed a Motion to Dismiss in which they asserted that Plaintiff's claims were barred by sovereign immunity. Doc. 13.

On January 7, 2022, the undersigned issued a Memorandum and Recommendation finding, among other things, that Plaintiff's suit falls within the parameters of Ex Parte Young such that sovereign immunity does not bar Plaintiff's claims. Doc. 20 at 10-11.

On March 29, 2022, Defendants' objections to the Memorandum and Recommendation were overruled by the District Court, the Motion to Dismiss was denied, and the parties were ordered to conduct an initial attorneys' conference. Doc. 23.

On April 12, 2022, the parties conducted an initial attorneys' conference. See Doc. 24.

On April 18, 2022, the parties filed their Joint Certification of Initial Attorney's Conference. Doc. 24. An Initial Pretrial Conference was thereafter scheduled for April 28, 2022.

On April 28, 2022, and before the Initial Pretrial Conference began, Defendants filed a Notice of Appeal regarding the denial of their assertion of sovereign immunity. Doc. 25. That same day, Defendants filed the Motion to Stay. Doc. 26.

At the time scheduled for the Initial Pretrial Conference, the undersigned conducted a status conference with counsel. During that

conference, Plaintiff's counsel indicated that Plaintiff opposed the Motion to Stay. Consequently, the undersigned deferred conducting an Initial Pretrial Conference and entering a Pretrial Order and Case Management Plan pending resolution of the Motion to Stay.

On May 2, 2022, Defendants filed a Motion Seeking Clarification for Pre-Discovery Disclosure. Doc. 31. In response, the undersigned advised that "court-enforceable discovery, including the obligation for the parties to exchange initial disclosures, is deferred pending resolution of the Motion to Stay, provided however that the parties may use early Rule 34 requests or conduct voluntary discovery if they choose." Doc. 32 at 4.

On May 12, 2022, Plaintiff filed an opposition to the Motion to Stay. Doc. 35.

On May 18, 2022, Plaintiff filed the Motion to Compel, seeking an Order requiring Defendants to respond to certain Requests for Production of Documents. Doc. 36.

On June 10, 2022, Defendants filed a response in opposition to the Motion to Compel as well as Objections and Responses to the Document Requests. Docs. 42, 43.

## II. Discussion

### A. The Motion to Stay

The parties agree that the denial of Defendants' claim of sovereign immunity is appealable under the collateral order doctrine. See Doc. 28 at 8; Doc. 35 at 3-4. The parties disagree, however, as to whether this action should be stayed pending resolution of Defendants' appeal.

The Supreme Court has noted that "sovereign immunity provides an 'immunity from suit,' not a 'defense to ... liability.'" Alabama v. North Carolina, 560 U.S. 330, 362 (2010) (quoting Federal Maritime Comm'n v. South Carolina Ports Authority, 535 U.S. 743, 766 (2002)); see also Florida v. Georgia, 138 S.Ct. 2502, 2511 (2018) (referring to "sovereign immunity from suit").

Consequently, district courts frequently stay litigation pending resolution of sovereign immunity issues by appellate courts. See Glover v. Hryniewich, 438 F.Supp.3d 625, 645 (E.D. Va. Feb. 7, 2020) (granting defendant's motion to stay pending appeal of the denial of sovereign immunity and explaining that "[t]he proposition that a sovereign immunity defense is both a defense to liability and a limited entitlement not to stand trial or face the other burdens of litigation support that this case should not proceed while an interlocutory appeal on immunity is pending") (quoting White v. Chapman, No. 1:14CV848, 2015 WL 13021744, at *2 (E.D. Va. Apr. 29, 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 672, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009))

(internal quotations omitted)); Pense v. Maryland Dept. of Public Safety, No. PWG-17-1791, 2018 WL 11310926, at *1 (D. Md. July 26, 2018) (granting defendant's motion to stay pending appeal of the denial of sovereign immunity and explaining that "[a]lthough neither this Court nor the Fourth Circuit has examined whether an interlocutory appeal of an order denying sovereign immunity divests the district court from jurisdiction to proceed, other circuits have addressed a closely related issue in the context of an interlocutory appeal on the basis of qualified immunity" and that the "logic of the foregoing decisions supports the same outcome when the interlocutory appeal addresses sovereign immunity rather than qualified immunity") (collecting cases).

Where an appeal is determined to be frivolous, however, the district court may proceed, regardless of the pending appeal. See Goshtasby v. Board of Trustees of University of Illinois, 123 F.3d 427, 428 (7th Cir. 1997) ("a district court may disregard a frivolous appeal and press ahead"); Root v. Liberty Emergency Physicians, Inc., 68 F.Supp.2d 1086, 1089 (W.D. Mo. Oct. 27, 1999) ("Only when a party's appeal is utterly lacking in merit, and made for the purpose of delay, may the district court proceed with trial") (internal quotations omitted); see also Management Science America Inc. v. McMuya, 956 F.2d 1162, 1992 WL 42893, at *2 (4th Cir. March 4, 1992) (unpubl.) ("Generally, the filing of a notice of appeal divests the district court of all jurisdiction in a case…. However, this rule does not apply where the district

court has certified the appeal to be frivolous").

Here, Plaintiff contends that Defendants' appeal is frivolous, pointing out that both the undersigned and the District Court have found that Defendants are not entitled to sovereign immunity. Plaintiff additionally asserts that Defendants' appeal is "nothing more than a dilatory tactic." Doc. 35 at 2.

This court's previous rejection of Defendants' assertion of sovereign immunity does not, however, render Defendants' appeal *per se* frivolous. Further, it does not appear that Defendants were dilatory in filing their Notice of Appeal. See Eckert Intern., Inc. v. Government of the Sovereign Democratic Republic of Fiji, 834 F.Supp. 167, 174-175 (E.D. Va. 1993) (granting motion to stay and noting that "[i]n order for an interlocutory appeal to be deemed frivolous, it must be both meritless and substantively inappropriate. Although Fiji's sovereign immunity arguments are unconvincing and contrary to existing precedent, they cannot properly be deemed frivolous").

Therefore, the undersigned finds that a stay of these proceedings is appropriate. See Licea v. Curacao Drydock Co., Inc., 870 F.Supp.2d 1360, 1366 (S.D. Fla. June 25, 2012) (unless an appeal is frivolous, "[t]ypically, a district court properly stays litigation, including discovery, pending appeal of a denial of sovereign immunity") (citing Blinco v. Green Tree Serv., LLC, 366 F.3d 1249, 1252 (11th Cir. 2004)); Goshtasby v. Board of Trustees of University of Illinois,

6

Case 1:21-cv-00090-MR-WCM   Document 44   Filed 06/21/22   Page 6 of 8

123 F.3d 427, 428 (7th Cir. 1997) (staying district court proceedings pending resolution of a "non frivolous" appeal of denial of sovereign immunity and explaining that "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending. Just so with an appeal by a state under the eleventh amendment"); Root v. Liberty Emergency Physicians, Inc., 68 F.Supp.2d 1086, 1092 (W.D. Mo. Oct. 27, 1999) (granting defendant's motion to stay pending appeal and to quash deposition pending the outcome of defendant's appeal of trial court's denial of sovereign immunity); Myers v. Iowa Board of Regents, No. 3:19-cv-00081-SMR-SBJ, 2020 WL 6387376, at *2 (S.D. Iowa July 9, 2020) ("The Board is entitled to challenge the Court's order denying its sovereign immunity defense free from the pressures of continuing to defend against the very claim from which it contends it is immune"); Doe v. Commissioner, New Hampshire Dept. of Health and Human Services, No. 18-cv-1039-D, 2021 WL 863448, at *3 (D.N.H. March 8, 2021) (granting motion to stay pending appeal of the denial of sovereign immunity and explaining "[i]f this court were to proceed now and then the First Circuit issued a decision that jurisdiction is lacking, the proceedings would have no effect and the time and effort invested would be wasted. The interests of judicial economy strongly counsel against proceeding in these circumstances. Although the Doe plaintiffs argue that the appeal is meritless and a delay tactic, the court is not persuaded

that the Commissioner's position is frivolous, that the notice of appeal is defective on its face, or that the appeal was filed to delay the case") (internal citations omitted).

### B. The Motion to Compel

In light of the finding, described above, that this matter should be stayed pending resolution of Defendants' appeal of the denial of sovereign immunity, the undersigned also finds that it would not be appropriate to address the substance of the Motion to Compel at this time. Plaintiff's Motion to Compel will therefore be denied without prejudice, subject to renewal after conclusion of Defendants' appeal, if necessary.

**IT IS THEREFORE ORDERED THAT**:

(1) Defendants' Motion to Stay Proceedings and Discovery Pending Resolution of Interlocutory Appeal (Doc. 26) is **GRANTED**, and this matter is hereby **STAYED** pending resolution of Defendants' appeal.

(2) Plaintiff's Motion to Compel (Doc. 36) is **DENIED WITHOUT PREJUDICE**.

Signed: June 17, 2022

W. Carleton Metcalf
United States Magistrate Judge