IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00090-MR-WCM

| | | |
|---|---|---|
| INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER |
| JOSH DOBSON, *in his official capacity as North Carolina Commissioner of Labor*, and JENNIFER HAIGWOOD, *in her official Capacity as Director of the Occupational Safety and Health Division of the North Carolina Department of Labor*, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the following motions:

1. Defendants' Motion for Extension of Time to Respond (the "Motion for Extension," Doc. 49);

2. Defendants' Motion to Stay Proceedings Pending Resolution of Motion to Dismiss for Lack of Standing (the "Motion to Stay," Doc. 50); and,

3. Plaintiff Industrial Services Group, Inc.'s Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss for Lack of Standing (the "Motion for Leave to File Surreply," Doc. 58).

1

## I. Relevant Background

On March 31, 2021, Plaintiff Industrial Services, d/b/a Universal Blastco ("Plaintiff") filed its Complaint. Doc 1.

On June 4, 2021, Defendants answered and also filed Motions to Dismiss and for Judgment on the Pleadings ("Motion to Dismiss"). Docs. 12, 13, 13-1.

A hearing on the Motion to Dismiss was conducted on December 9, 2021.

On January 7, 2022, the undersigned recommended that the Motion to Dismiss be denied. Doc. 20.

By Order entered on March 29, 2022, the presiding District Judge accepted the recommendation and denied the Motion to Dismiss. Doc. 23.

On April 18, 2022, the parties filed a joint certification of initial attorneys' conference and discovery plan. Doc. 24.

On April 28, 2022, Defendants appealed the denial of the Motion to Dismiss to the United States Court of Appeals for the Fourth Circuit and also filed a motion to stay. Docs. 25, 26. A status conference was conducted that same day; an Initial Pretrial Conference and the entry of a case management order were deferred pending resolution of the motion to stay.

On May 2, 2022, Defendants filed a "Motion Seeking Clarification for Pre-Discovery Disclosure," by which they asked for clarification as to whether initial disclosures under Rule 26(a) were also deferred. Doc. 31. The following day, the undersigned explained that "all court-enforceable discovery, including

2

Case 1:21-cv-00090-MR-WCM   Document 60   Filed 09/12/23   Page 2 of 7

the obligation for the parties to exchange initial disclosures" was deferred pending resolution of the motion to stay, though the parties remained free to use early Rule 34 requests or conduct voluntary discovery. Doc. 32 at 3.

On May 18, 2022, Plaintiff filed a Motion to Compel. Doc. 36.

By Order issued on June 21, 2022, the undersigned granted Defendants' motion to stay, stayed the case pending resolution of Defendants' appeal, and denied Plaintiff's Motion to Compel without prejudice. Doc. 44.

On May 16, 2023, the Fourth Circuit affirmed the denial of Defendants' Motion to Dismiss; the mandate was issued on June 7, 2023. Docs. 45, 48.

On June 15, 2023, Defendants filed the Motion for Extension, the Motion to Stay, and a Motion to Dismiss for Lack of Standing. Docs. 49, 50, 51. Those motions are now fully briefed. Docs. 51-1, 52, 53, 54, 55, 56, 57.

On July 14, 2023, Plaintiff filed the Motion for Leave to File Surreply. Defendants responded, though Plaintiff has not filed a reply. Doc. 59.

## II. The Motion for Extension and the Motion to Stay

These motions pertain to whether discovery should proceed at this time.

By the Motion for Extension, Defendants request that the Court declare that Plaintiff's service of Interrogatories and Requests for Admission on May 19, 2023 was ineffective, or in the alternative that Defendants' deadline for responding to these requests be extended. Doc. 49 at 4. Plaintiff responds that Defendants failed to meet and confer as required by the Local Rules and argues

3

that Plaintiff's discovery, which was served three days after the Fourth Circuit issued its ruling, was properly issued and that the Motion for Extension should be denied. Doc. 52.

By the Motion to Stay, Defendants request that "all proceedings in this matter, including discovery," be stayed until Defendants' Motion to Dismiss for Lack of Standing has been resolved. Doc. 50-1 at 15. Plaintiff objects to this request as well, arguing that Defendants are not likely to prevail on the Motion to Dismiss for Lack of Standing and that other factors counsel against a stay. Doc. 54.

Relevant portions of the Local Rules state as follows:

> Early Discovery. The parties may engage in consensual discovery at any time. However, Court-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered, with the exception that early Rule 34 requests may be used pursuant to Fed. R. Civ. P. 26(d)(2). A party seeking early Court-enforceable discovery may file a motion for leave to take early discovery stating the reasons therefor. No supporting memorandum is required.
>
> Local Civil Rule 16.1(f)
>
> *********
>
> Subject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of the Scheduling Order. While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce

4

> discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).

Local Civil Rule 26.1[1]

In this case, while a Rule 26(f) conference was conducted, a scheduling order has not yet been entered, in light of Defendants' previous appeal and the associated stay. Consequently, Defendants' time for responding to Plaintiff's Interrogatories and Requests for Admission has not begun to run. Therefore, the Motion for Extension is premature.

With respect to the Motion to Stay, Plaintiff reads the Court's Order of June 21, 2022 too broadly. There, the undersigned stayed the case pending resolution of Defendants' appeal; the Court did not say, though, that the period of court – enforceable discovery would automatically begin if that appeal were decided in Plaintiff's favor and before the entry of a case management order.

Having reviewed the parties' recent filings, and the record as a whole, the undersigned concludes that Defendants' Motion to Dismiss for Lack of Standing should be resolved before the parties proceed with discovery, with the exception of consensual discovery which the parties may take if they are so inclined. A complete stay of this matter, however, is not warranted and would

---

[1] Pursuant to Rule 26(d)(2) of the Federal Rules of Civil Procedure, after 21 days have elapsed, a party that has been served with a summons and complaint may deliver a request under Rule 34 to any plaintiff. The request is considered to have been served at the first Rule 26(f) conference.

be inconsistent with the obvious need for the Court to proceed with the consideration of Defendants' Motion to Dismiss for Lack of Standing.

### III. The Motion for Leave to File Surreply

The Court is not persuaded that a surreply is warranted with respect to Defendants' Motion to Dismiss for Lack of Standing. The parties will, however, be given a chance to present oral arguments on that Motion.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion for Extension of Time to Respond (Doc. 49) is **DENIED WITHOUT PREJUDICE** as premature.

2. Defendants' Motion to Stay Proceedings Pending Resolution of Motion to Dismiss for Lack of Standing (Doc. 50) is **GRANTED IN PART**. Specifically, all court-enforceable discovery in this matter is **STAYED** pending resolution of Defendants' Motion to Dismiss for Lack of Standing and, if appropriate, the entry of a Pretrial Order and Case Management Plan. If a Pretrial Order is entered, the time for responding to any discovery requests that have been served previously will begin to run on the date the Pretrial Order is entered.

3. Plaintiff Industrial Services Group, Inc.'s Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss for Lack of Standing (Doc. 58) is **DENIED**.

4. The Clerk is respectfully directed to notice a hearing on Defendants' Motion to Dismiss for Lack of Standing (Doc. 51).

Signed: September 12, 2023

W. Carleton Metcalf
United States Magistrate Judge