IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00090-MR-WCM

| | |
|---|---|
| INDUSTRIAL SERVICES GROUP, INC., d/b/a UNIVERSAL BLASTCO, ) ) ) Plaintiff, ) ) vs. ) ) JOSH DOBSON, ) and JENNIFER HAIGWOOD, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss for Lack of Standing [Doc. 51], the Magistrate Judge's Memorandum and Recommendation [Doc. 63] regarding the disposition of that motion, and the Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation [Doc. 64].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss.

On December 8, 2023, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendants' Motion to Dismiss [Doc. 51] be granted and that the Plaintiff's claims be dismissed

without prejudice on the grounds that the Plaintiff had not sufficiently alleged a causal connection between the purported injury and the claimed violation of federal law sufficient to establish standing. [Doc. 63 at 12]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On December 20, 2023, the Plaintiff filed an objection arguing that the Magistrate Judge applied the wrong standard for causation and that the Plaintiff had in fact sufficiently alleged causation. [Doc. 64 at 3-5].

The Plaintiff's objection is without merit. As the Magistrate Judge recognized, the "pleading standard with respect to causation is not high." [Doc. 63 at 12]. Indeed, standing merely requires that the injury be "fairy traceable" to the defendant, in that there must be a "causal connection between the injury and the conduct complained of" and the injury must not be the result of "the independent action of some third party not before the court." Maddonna v. United States Dep't of Health & Hum. Servs., 567 F. Supp. 3d 688, 704 (D.S.C. 2020) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). Here, while the Plaintiff challenges the Defendants' Incentive Policy and their implementation thereof, it has not alleged that its purported injury—the citations issued against it—were not a result of actual violations of federal standards. Indeed, if all of the citations issued were

properly based on separate violations of federal regulations, as the Complaint alleges they were, the alleged injury cannot be said to be caused by the Defendants' Incentive Policy, but rather was caused by the Plaintiff's own violations of such regulations.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Plaintiff's objections, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 63] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss for Lack of Standing [Doc. 51] is **GRANTED,** and the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: January 16, 2024

Martin Reidinger
Chief United States District Judge